OTTO HESSE v. J. J. OYS & COMPANY AND OTHERS.
BITUMINOUS CASUALTY CORPORATION, RESPONDENT.
ANCHOR CASUALTY COMPANY, RELATOR.

91 N. W. (2d) 925.

August 1, 1958—No. 37,457.

*John M. Prins,* for relators.
*Robb, Robb & Van Eps* and *William M. Robb,* for respondent.

MURPHY, JUSTICE.

This case is before us on certiorari from a decision of the Industrial Commission dated October 28, 1957, affirming a determination of the referee ordering Anchor Casualty Company to reimburse Bituminous

Casualty Corporation for one-half of payments made by it to the employee, Otto Hesse. The employee, a casual laborer, was injured June 1, 1955, while he was hanging screens on an apartment house owned by one J. E. Hynes and managed by J. J. Oys & Company of Minneapolis, real estate agents. Both Hynes in his business as owner of the apartment house and J. J. Oys & Company in their business as real estate agents were insured under separate standard workmen's compensation policies. The Industrial Commission held that there was concurrent coverage under both policies requiring both insurers to share equally in the payment of all benefits. Relator, Anchor Casualty Company, contends that the injured workman was not the employee of J. J. Oys & Company, its insured, and that it is not liable for benefits paid by Bituminous Casualty Corporation as a result of the accident.

The facts may be summarized as follows: J. J. Oys & Company is a copartnership engaged in the management of rental properties for others. Besides the partners there are three regular employees. On the date of the accident in question there was in force a standard workmen's compensation employer's liability policy issued to "J. J. Oys & W. O. Tuomisto D/B/A J. J. Oys & Co" issued by Anchor Casualty Company as insurers.

One of the properties which this partnership managed was a 5-plex apartment located at 1310 East 22nd Street, Minneapolis, and owned by Hynes. Hynes had appointed J. J. Oys & Company as his agents for the collection of rents and management of the building, for which services the company received a commission of 5 percent of the rents collected. When J. J. Oys & Company commenced their services for Hynes, they arranged for a policy of workmen's compensation insurance. This policy was issued by Bituminous Casualty Corporation to "J. E. Hynes AND J. J. Oys AND Company, Agents," which policy covered "buildings, premises or other work places of this Employer" located at 1310 East 22nd Street, Minneapolis, Minnesota, the address of the Hynes 5-plex apartment. The policy was issued effective December 4, 1952, and was continued in force on June 1, 1955, the date of the accident. Hynes paid the premium on this policy. Hynes also paid wages for labor in connection with the maintenance of the building,

and these wages were reported to Bituminous.

Hesse was engaged from time to time prior to June 1, 1955, to do certain maintenance work for J. J. Oys & Company. Ordinarily he was hired to do odd jobs by way of cleaning, painting, and putting on and taking off storm and screen windows. Hesse's wages for such part-time casual employment, when performed on the Hynes property, were charged to and paid by Hynes. The accident was reported to Bituminous, who accepted the case as compensable, and paid various benefits. The accident was never reported by J. J. Oys & Company to Anchor.

On January 31, 1956, Bituminous filed a petition with the Industrial Commission asking that Anchor be directed to reimburse it for at least one-half of the expenditures made by it on the Hesse claim. The Industrial Commission apparently took the view that both policies issued by Bituminous and Anchor constituted concurrent or double coverage and filed its order directing Anchor to reimburse Bituminous for one-half of its contributions to the employee.

It appears to us from the facts that Bituminous issued its policy to J. E. Hynes and J. J. Oys & Company as his agents to insure workmen's compensation liability which might arise out of his ownership and operation of the apartment building where the employee was injured at 1310 East 22nd Street, Minneapolis. As agents for Hynes, J. J. Oys & Company had authority to employ the injured workman. Hynes paid the premium on the insurance and through his agents paid the wage of the injured employee. It seems clear to us that this particular policy covered the owner of the apartment building as a separate employing entity and should not be confused with any contract the Anchor Casualty Company might have as insurer of J. J. Oys & Company. We cannot agree with the Industrial Commission that it must follow that, since J. J. Oys & Company was insured in its own business, such insurance should extend to the protection of their principal's employees.

We are satisfied that on the facts in this case, which include the plain provisions of two written contracts of insurance issued by separate companies to separate employing entities, that Bituminous is as a mat-

ter of law solely liable under its contract as insurer for the employer of the injured workman. The fact that the injured workman was hired by J. J. Oys & Company as agents for Hynes does not change the relationship between Hynes and the injured workman as employer and employee. See, Toenberg v. Harvey, 235 Minn. 61, 49 N. W. (2d) 578; Finn v. Phillippi Brothers, 211 Minn. 130, 300 N. W. 441.

Reversed.